UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH A. BROWN, | ) |
| Plaintiff, | ) |
| v. | ) 21-4027 |
| GOOCH, *et al.* | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

Plaintiff, a civil detainee at Rushville Treatment and Detention Facility (TDF), brought the present lawsuit pursuant to 42 U.S.C. § 1983, alleging constitutional violations that allegedly arose during his incarceration at Danville Correctional Center and his detention at the TDF. The matter comes before the Court for screening pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for leave to file an amended complaint (Doc. 8) is granted. Fed. R. Civ. P. 15(a)(1). Plaintiff alleges in his amended complaint that officials at Danville Correctional Center ("Danville") provided incorrect information to the Prisoner Review Board ("PRB"), incorrectly told his friend that Danville did not have a video visitation system, violated a state rule or contract by not downloading old email messages onto his new tablet, and overcharged him for postage on legal mail. Plaintiff alleges that unidentified officials in Danville Internal Affairs "influenced [a mental health professional] to write up a falsified report," and denied his requests to move to a specific housing block and to see his sister's body following her death. Plaintiff alleges that Danville officials have not deactivated the PIN he used at the facility even though he is no longer there.

Plaintiff alleges that Danville officials conspired with a Ukrainian psychologist "to write up a falsified assessment report in

order to detain" him pursuant to the Illinois Sexually Violent Persons Commitment Act ("SVP Act") following his release from prison. Plaintiff alleges that officials failed to perform the brain scans he claims are the only way to determine whether a person has the requisite mental disorder for commitment under the SVP Act, and that his sister's phone does not show a call he made to her from the TDF.

Plaintiff does not have a constitutional right to live on a specific housing block or to a release from prison for purposes of attending the funeral of a family member. *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994). Plaintiff's other allegations suggest isolated incidents that did not result in a constitutional violation or deprive Plaintiff of the minimal civilized measure of life's necessities. The violation of a state law is not sufficient to show a constitutional violation, *Pulera v. Sarzant*, 966 F.3d 540 (7th Cir. 2020), and any overcharging issues are properly brought in the Illinois Court of Claims. The Court finds that Plaintiff fails to state a constitutional claim against Danville officials for the actions that arose while he was incarcerated at that facility.

Plaintiff alleges that the state court commitment proceedings violate the Sixth Amendment's Double Jeopardy clause. Proceedings under the SVP Act are civil in nature, and, therefore, do not implicate Double Jeopardy concerns. *Kansas v. Hendricks*, 521 U.S. 346, 369 (1997); *Allen v. Illinois*, 478 U.S. 364, 375 (1986). Absent an underlying constitutional violation, Plaintiff's allegations of conspiracy are not sufficient to state a claim upon which relief can be granted. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). If Plaintiff seeks to challenge the evidence presented at his state court commitment proceeding, he must do so in that case.

Plaintiff's complaint is dismissed for failure to state a claim. Consistent with the practice in this circuit, Plaintiff is granted leave to file an amended complaint to provide any additional information he wants the Court to consider on these claims. Plaintiff is advised that he cannot pursue unrelated claims against officials at two different facilities in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.").

**It is therefore ordered:**

1) Plaintiff's Motion for Leave to File an Amended Complaint [8] is granted. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.

2) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's second amended complaint will replace all previous complaints in their entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

3) Plaintiff's motion for counsel [5] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 4th day of May, 2021.

*s/Harold A. Baker*
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE