E-FILED
Wednesday, 29 September, 2021  03:32:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH A. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-4027 |
| | ) | |
| IDOC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER #2</u>**

The plaintiff, proceeding *pro se*, and currently detained at Rushville Treatment and Detention Facility, brought this lawsuit alleging several constitutional violations. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the second amended complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he did not receive 90 days of good-time credit to pursuant to a bill Governor Pritzker signed into law on January 1, 2020, prior to his release from IDOC custody. Plaintiff alleges that Defendant Gooch, his correctional counselor acted

unprofessionally in response to Plaintiff's inquiries into the matter. Plaintiff alleges that he filed a petition for a writ of mandamus in state court. The copy of the writ Plaintiff provided suggests that he filed the writ on or after July 23, 2020.

Plaintiff alleges that in early July 2020, Defendant Joseph, a mental health professional, facilitated a meeting between Plaintiff and a Wexford Health Care professional. Plaintiff does not disclose the subject of the meeting, but he alleges that "it was a regular routine interview based on the formality of questions." (Doc. 13 at 5). Plaintiff alleges that, on July 20, 2020, Defendant Mullis, the clinical services director, arranged a meeting between Plaintiff and a psychologist. Plaintiff alleges that he met with the psychologist on July 21, 2020, and "her questions were no different than the other mental health professionals that I had spoken with over the course [of his incarceration]." *Id.* Plaintiff alleges that IDOC officials had "redflagged" him for detention in the Department of Human Services because he was trying to obtain good-time credit. Plaintiff alleges that Defendant Joseph "refused to present the correct information to the Clinical Services Office," mainly that he should not be a candidate for confinement under the Illinois Sexually Violent Persons Commitment Act.

Prison officials' failure to follow state law does not create a federally enforceable right. *Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017). Defendants arranged the routine meetings with mental health professionals prior to the date Plaintiff filed his petition for mandamus, and, therefore, no plausible inference arises that their actions were motivated by Plaintiff's litigation activity. If Plaintiff is challenging his commitment under the SVP Act, he should raise these arguments in his state court proceedings. Plaintiff, therefore, does not state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

> **1) Plaintiff's motion for leave to file an amended complaint is granted. [13.]**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).**

Entered this 29th day of September, 2021.


*s/Harold A. Baker*
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE